IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA CAPLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-630-M |
| ) | |
| MEDTRONIC, INC., a Minnesota ) | |
| corporation, and MEDTRONIC ) | |
| SOFAMOR DANEK USA, INC., ) | |
| a Tennessee corporation, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff's Motion to Reconsider or in the Alternative for Leave to File Second Amended Complaint, filed March 6, 2013. On March 27, 2013, defendants filed their response. Based upon the parties' submissions, the Court makes its determination.

I.   Motion to reconsider

Plaintiff moves this Court to reconsider its February 6, 2013 Order granting defendants' Motion to Dismiss and to vacate the dismissal set forth in the Order and the February 6, 2013 Judgment filed in this matter. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiff's motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the

controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law. In its motion, plaintiff simply revisits issues that were addressed in the Court's February 6, 2013 Order and advances arguments that could have been raised in prior briefing.

Accordingly, the Court finds that plaintiff's motion to reconsider should be denied.

II.     Motion for leave to file second amended complaint

In her motion, plaintiff alternatively moves for leave to amend her claims and file a Second Amended Complaint. Plaintiff states that subsequent to the filing of the case and subsequent to the filing and briefing on defendants' Motion to Dismiss, the United States Senate Committee on Finance issued its October 2012 Staff Report on Medtronic's Influence on Infuse Clinical Studies and that this report provides additional details on Medtronic's improper manipulation of clinical trials to conceal the unreasonably dangerous nature of Infuse, including the concealment of significant negative results when Infuse is used in a posterior approach lumbar fusion surgery such as plaintiff's. Plaintiff contends that this report allows her claims to be pled with greater detail than what was available at the time the Amended Complaint was filed.

Having carefully reviewed the parties' submissions, as well as the Court's February 6, 2013 Order, the Court finds plaintiff has not set forth a sufficient basis for this Court to grant her leave to file a Second Amended Complaint. Specifically, the Court finds that plaintiff has not shown how any information in the Senate staff report, a report that has possible reliability issues, would cure the deficiencies in plaintiff's claims set forth in the Court's February 6, 2013 Order, including, most notably, the Court's finding of preemption. Accordingly, the Court finds that plaintiff's motion for leave to file a second amended complaint should be denied.

III.     Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion to Reconsider or in the Alternative for Leave to File Second Amended Complaint [docket no. 39].

**IT IS SO ORDERED this 8th day of April, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE